**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES L. RUDD                                                                                          PLAINTIFF
ADC #142352

V.                                           NO: 5:10CV00150 JLH/HDY

WANDA FREEMAN *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Arkansas Department of Correction's Wrightsville Unit, filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on May 18, 2010.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he began the "TC" program[1] on February 4, 2009.  On November 4, 2009, he received a disciplinary citation.  Although Plaintiff asserts he was found not guilty of all the charges, he was not allowed to finish the TC program, but was told he would need to repeat the program after six months had passed.  Plaintiff contends that if he had been allowed to finish the program, he would have been released on April 14, 2010, because he was approved for parole with the stipulation that he finish the program first.  Because he was not allowed to finish the program, Plaintiff complains, he will be forced to serve another year in prison.  For relief, Plaintiff seeks to be released from the TC stipulation, and to be compensated for the extra time he is now required to serve.

Because release is not a remedy available in a civil rights action, and Plaintiff cannot be awarded damages without first having his conviction or sentence reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*, his complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff asserts that he "made the board" with the only stipulation being that he complete the

---

[1] According to the complaint, the TC program is a drug and alcohol treatment program.

TC program. To the extent that Plaintiff is seeking to be released from that stipulation before being released on parole, it appears that he is seeking his immediate release from prison. However, Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (challenge to fact or duration of confinement must be through *habeas corpus*). Furthermore, any judgment in Plaintiff's favor would imply the invalidity of his current confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (if judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*). There is no indication that Plaintiff's conviction or sentence has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*, and any award of damages would certainly imply the invalidity of his continued imprisonment. Accordingly, Plaintiff's complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this   11   day of June, 2010.

                                                  UNITED STATES MAGISTRATE JUDGE